MEMORANDUM **
In these consolidated petitions, Leode-gario Ochoa-Jaimes and Josefina Magana de Ochoa, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s (“IJ”) decision denying Ochoa-Jaimes’ motion to terminate and denying Ochoa’s application for cancellation of removal, and its order denying Ochoa’s motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002), and we review de novo questions of law and claims of constitutional violations in immigration proceedings. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petitions for review.
The IJ did not err or violate due process in denying the motion to terminate where Ochoa-Jaimes was properly served with his Notice to Appear (“NTA”), appeared at his hearing, and failed to demonstrate prejudice. See Kohli v. Gonzales, 473 F.3d 1061, 1065-67 (9th Cir.2007) (illegibility of signature of issuing officer on NTA does not deprive immigration court of jurisdiction unless petitioner can demonstrate prejudice).
We lack jurisdiction to review the agency’s discretionary determination that Ochoa failed to show exceptional and extremely unusual hardship to a qualifying relative. See Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). We do not consider Ochoa’s contentions regarding physical presence, because her failure to establish hardship is dispositive. See 8 U.S.C. § 1229b(b)(1)(D).
The BIA did not abuse its discretion in denying Ochoa’s motion to reconsid *987 er because the motion did not identify an error of fact or law in the BIA’s prior decision. See 8 C.F.R. § 1003.2(b)(1).
Ochoa’s contention that the BIA violated due process by disregarding her hardship evidence is not supported by the record and therefore does not amount to a color-able constitutional claim. See Martinez-Rosas, 424 F.3d at 930.
We are not persuaded that Ochoa’s removal would result in the deprivation of her children’s rights. See Cabrera-Alvarez v. Gonzales, 423 F.3d 1006, 1012-13 (9th Cir.2005).
No. 05-75416: PETITION FOR REVIEW DENIED in part; DISMISSED in part.
No. 06-70640: PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.